IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ADAMS, | ) | CASE NO. 4:09 CV 576 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of Robert Adams for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Adams is currently incarcerated by the State of Ohio at the Trumbull Correctional Institution in Leavittsburg, Ohio.[3]

Adams was convicted in 2003 at a jury trial in Lake County Common Pleas Court of: (1) two counts of aggravated vehicular homicide, a second degree felony, with repeat violent offender specifications; (2) one count of driving under the influence of drugs or alcohol; and (3) two counts of aggravated vehicular homicide, a third degree felony.[4] As a result of that

---

[1] This cased was initially referred to then-United States Magistrate Judge Benita Y. Pearson under Local Rule 72.2 by United Stated District Judge John R. Adams in a non-document entry dated March 26, 2009. Following Judge Pearson's installation as District Judge, the matter was re-assigned to me under General Order 2011-2 by non-document entry of January 18, 2011, and a new referral made by non-document entry of the same day.

[2] ECF # 1.

[3] *Id*. at 1. *See also*, www.drc.ohio.gov (confirming facts of present incarceration).

[4] ECF # 5, Attachment (state court record) at 20-21.

conviction, he is serving a total term of 26 years in prison, imposed at a 2006 re-sentencing[5] on a remand from the Supreme Court of Ohio[6] after Adams's appeal was consolidated with the case of *State v. Foster*.[7]

Adams, who is here represented by the office of the Ohio Public Defender,[8] raises as his single ground for federal habeas relief that the maximum, consecutive sentences imposed on him pursuant to *Foster* violate the Ex Post Facto and Due Process Clauses of the United States Constitution.[9] Because the specific arguments raised by Adams in this ground for relief have been extensive analyzed and consistently rejected by federal habeas courts in Ohio, I will recommend that this petition be denied.

## Facts

**A.     Underlying offense, trial and original sentence**

Inasmuch as the present petition exclusively concerns the sentence imposed after remand from the Supreme Court of Ohio, the following description of the background facts will be brief.

---

[5] *Id*. at 301-303.

[6] *Id*. at 292.

[7] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[8] ECF # 1, Attachment (civil cover sheet) at 1.

[9] ECF # 1 at 5. As discussed below, the second ground for relief advanced in the petition was later withdrawn in the traverse.

As stated by the state appeals court,[10] Adams was driving his Ford Mustang westbound on State Route 20, a four-lane highway, in Madison Township when he first ran a stop light at an intersecting street and then veered twice into the eastbound lane.[11] Seeing this erratic driving, Kenneth Buzbee brought his Volkswagen Jetta to a complete stop in the eastbound curb lane, waiting for Adams to pass.[12] Buzbee and his wife were seated in the front of the Jetta, with his elderly parents in the back seat.[13] As Adams came up to the Buzbee vehicle at about 45 miles per hour, he swerved the Mustang a third time into the eastbound lane, colliding with the stopped Jetta.[14] Kenneth Buzbee's mother, Evelyn, died at the scene, though not instantly.[15] Buzbee's father, Robert, survived in critical condition for approximately six weeks after the crash before he died.[16]

In searching Adams' car, police found two crack pipes with cocaine residue on both.[17] Blood and urine samples taken from Adams at the hospital where he was life-flighted after

---

[10] Facts found by the state appeals court on its review of the record are presumed correct by the federal appeals court absent rebuttal by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[11] ECF # 5, Attachment (state appeals court opinion) at 207.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

the accident showed that Adams had ingested, as the reviewing toxicologist put it, "a walloping amount" of cocaine within three to four hours of the samples being taken.[18] Since the samples were taken approximately two hours after the crash, medical experts testified that Adams was under the influence of cocaine when the collision occurred.[19]

Adams was charged with two counts of second-degree aggravated vehicular homicide, one count of driving under the influence of drugs or alcohol, and two counts of third-degree vehicular homicide.[20] Adams was also specified as a repeat violent offender because he had been previously convicted of felonious assault.[21]

Following a jury trial, Adams was convicted on all counts.[22] At the sentencing hearing, the trial judge found Adams to be a repeat violent offender and sentenced Adams to two consecutive, mandatory eight-year terms for the second-degree aggravated vehicular homicide convictions; two consecutive five-year prison terms for each violent offender specification; and a six-month term for driving under the influence, such sentence to be served concurrently with the previous sentences.[23] Adams's two convictions for third-degree

---

[18] *Id*. at 208.

[19] *Id*.

[20] *Id.* at 1-3 (indictment).

[21] *Id.* at 1.

[22] *Id*. at 208.

[23] *Id*. at 208-09.

vehicular homicide were merged with the preceding counts, resulting in a total term of imprisonment of 26 years.[24] The court also permanently revoked Adams's drivers license.[25]

**B.     Original appeal**

*1.     The court of appeals*

Represented now by different counsel,[26] Adams timely appealed his conviction and sentence.[27] In his appellate brief[28] he presented the following seven assignments of error:

1.  The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal made pursuant to Crim. R. 29.[29]

2.  The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.[30]

3.  The trial court erred to the prejudice of the defendant-appellant when it ordered an additional prison term on the repeat violent offender specification in violation of R.C. 2929.D(2)(b)(i) and (ii) and the defendant-appellant's right to be free from double jeopardy as

---

[24] *Id*. at 209.

[25] *Id*.

[26] Adams was represented at trial by attorney James R. Willis, *see*, *id.* at 19, 20, and in the appeal by the Office of the Lake County Public Defender. *Id*. at 30.

[27] *See*, *id*. at 20-24 (judgment entry filed July 16, 2003); *id*. at 30-31 (notice of appeal filed July 16, 2003). I also observe that an amended judgment entry making unspecified corrections to the original order was filed the next day, July 17, 2003. *Id*. at 25-29. Plainly, by filing the notice of appeal the same day as the entry of judgment, Adams was timely. *See*, Ohio App. Rule 4(A) (appeal must be filed within 30 days of a judgment's entry).

[28] ECF # 5, Attachment at 32-69.

[29] *Id*. at 33.

[30] *Id*. at 34.

> guaranteed by the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.[31]

4. The trial court erred to the prejudice of the defendant-appellant when it imposed an additional prison term on the repeat violent offender specification without making the requisite findings.[32]

5. The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment.[33]

6. The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences.[34]

7. The trial court violated appellant's rights to equal protection and due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).[35]

The State filed a brief in response.[36] Thereupon Adams, with permission the appellate court,[37] filed a supplemental brief[38] raising the following additional assignment of error:

---

[31] *Id*.

[32] *Id*. at 35.

[33] *Id*. at 36. I also note that Adams's original appellate brief erroneously lists this as a second fourth assignment of error. Adhering here to a non-duplicative sequential listing means that subsequent enumeration of the assignments of error is not identical to the enumeration in the brief.

[34] *Id*.

[35] *Id.*

[36] *Id*. at 131-76.

[37] *Id*. at 177.

[38] *Id*. at 177-85.

> The trial court erred when it sentenced the defendant-appellant to maximum and consecutive sentences with additional time for a repeat violent offender specification based upon a finding of factors not found by the jury or admitted by defendant-appellant in violation of defendant-appellant's state and federal rights to trial by jury.[39]

The State, in turn, then filed a supplemental brief.[40] The Ohio appeals court then overruled all the assignments of error, affirming the conviction and sentence.[41]

## 2. *The Supreme Court of Ohio*

Represented again by the Office of the Lake County Public Defender,[42] Adams timely filed[43] his notice of appeal with the Supreme Court of Ohio.[44] In his memorandum in support of jurisdiction,[45] Adams raised the following two propositions of law:

> 1. The trial court erred when it imposed maximum, consecutive and repeat violent offender specification sentences based upon a finding of factors which are essential to the imposition of punishment and which the defendant-appellant did not admit to and a jury did not find, in violation

---

[39] *Id*. at 179.

[40] *Id.* at 186-203.

[41] *Id.* at 206-30.

[42] *Id*. at 231.

[43] The appellate court decision was entered March 14, 2005 (*id*. at 206) and the notice of appeal filed at the Ohio Supreme Court on April 26, 2005 (*id.* at 231). A notice of appeal is timely under Ohio Supreme Court Rule of Practice 2.2 (A)(1)(a) if filed within 45 days of entry of the judgment from which appeal is sought.

[44] ECF # 5, Attachment at 231-32.

[45] *Id.* at 233-47.

>   of the defendant-appellant's state and federal constitutional rights to trial by jury.[46]
>
> 2.  The trial court erred when it sentenced the defendant-appellant to additional prison terms under repeat violent offender specifications in violation of his right to be free from Double Jeopardy as guaranteed by the Ohio and United States Constitutions.[47]

The State filed a memorandum in response.[48] The Supreme Court of Ohio then accepted an appeal as to the first proposition of law, holding a decision pending the ruling in *State v. Foster*.[49] *Sua sponte*, the Ohio Supreme Court then consolidated Adams's appeal with the then-pending *Foster* case, as well as other related cases.[50] As part of its decision in the consolidated *Foster* case that Ohio's sentencing statutes were unconstitutional, the Ohio Supreme Court reversed the judgment of the appeals court, remanding Adams's case for re-sentencing.[51]

## C.  Re-sentencing

Following remand, the State submitted a sentencing memorandum advocating re-imposition of the prior sentence but under the rubric of *Foster*.[52] At a re-sentencing

---

[46] *Id*. at 234.

[47] *Id.*

[48] *Id.* at 275-290.

[49] *Id*. at 291. I note that, in addition to *Foster*, the Ohio Supreme Court also deferred consideration of Adams's appeal pending a ruling in the related matter of *State v. Quinones*.

[50] *Id*. at 292.

[51] *See*, *id*. at 296.

[52] *Id.* at 293-300.

hearing, the trial judge restated his finding that Adams was a repeat violent offender and then re-imposed the prior sentence totaling 26 years in prison according to the standards outlined in *Foster*.[53]

**D.     Second appeal**

*1.     The appeals court*

Still represented by the Office of the Lake County Public Defender, Adams then timely appealed from the re-sentencing.[54] In his brief,[55] Adams raised six assignments of error:

> 1. The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms when the sentences imposed were not available to the court at the time the offenses occurred.[56]
>
> 2. The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms in violation of defendant-appellant's right to due process.[57]
>
> 3. The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms based on the Ohio Supreme Court's severance of the offending provision under *Foster*, which act was in violation of the separation of powers.[58]

---

[53] *Id.* at 301-04.

[54] *Id.* at 305-06. The re-sentencing entry was docketed on May 18, 2006, and the notice of appeal was filed on June 19, 2006.

[55] *Id.* at 307-30.

[56] *Id.* at 308.

[57] *Id.* at 309.

[58] *Id.*

    4.       The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms contrary to the Rule of Lenity.[59]

    5.       The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms contrary to the intent of the Ohio legislators [sic].[60]

    6.       The trial court erred imposing prison terms under the repeat violent offender specifications in violation of the defendant-appellant's due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Section 10, Article I of the Ohio Constitution.[61]

The State filed a brief in response,[62] and the Ohio appeals court then overruled all the assignments of error, affirming the decision of the trial court.[63]

## 2. *The Supreme Court of Ohio*

Adams filed a timely notice of appeal with the Supreme Court of Ohio.[64] In his memorandum in support of jurisdiction,[65] he raised the following six propositions of law:

    1.       A trial court violates an individual's rights under the Due Process Clauses of the Ohio and United States Constitutions by imposing additional prison terms for repeat violent offender specifications when

---

[59] *Id*. at 310.

[60] *Id.*

[61] *Id*. at 311.

[62] *Id*. at 331-64.

[63] *Id*. at 365-75.

[64] *Id*. at 376-77. The appellate decision was entered on May 21, 2007, and the notice of appeal was filed on June 22, 2007.

[65] *Id.* at 378-93.

>     this Court previously eliminated the statute authorizing such additional terms.[66]
>
> 2.  A trial court violates an individual's rights under the Due Process Clauses of the Ohio and United States Constitutions when it sentences the individual to more-than-the-minimum, maximum and consecutive prison terms that were not available to the court at the time the individual committed the offense.[67]
>
> 3.  A trial court violates an individual's rights to Due Process when it sentences the individual to more-than-the-minimum, maximum and consecutive prison terms with no additional findings made by a jury and when the individual had no actual or constructive notice of the possible sentence.[68]
>
> 4.  A trial court violates the principle of separation of powers provided in the United States and Ohio Constitutions by sentencing an individual to more-than-the-minimum, maximum and consecutive prison terms based on this Court's severance of the offending statute provisions in *Foster*.[69]
>
> 5.  A trial court violated the Rule of Lenity when it imposes more-than-the-minimum, maximum and consecutive prison terms upon an individual where the Rule of Lenity dictated a lesser penalty.[70]
>
> 6.  A trial court's decision to sentence an individual to more-than-the-minimum, maximum and consecutive prison terms is contrary to the intent of the Ohio legislature who [sic] drafted sentencing provisions with the clear intent of limiting judicial discretion to impose such sentences.[71]

---

[66] *Id.* at 379.

[67] *Id*.

[68] *Id*.

[69] *Id*.

[70] *Id*. at 380.

[71] *Id*.

The State filed a memorandum in response.[72] The Supreme Court of Ohio then denied leave to appeal, dismissing the matter as not involving any substantial constitutional question.[73]

### 3. *Petition for certiorari*

Adams then sought a writ of certiorari from the Supreme Court of the United States. That petition was denied on March 17, 2008.[74]

### E. Federal habeas petition

Through the Office of the Ohio Public Defender, Adams timely filed[75] the present petition for federal habeas relief.[76] In the petition, Adams advances two grounds for relief:

1. The state court's application of the remedy articulated by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, to Petitioner's case contravenes the Ex Post Facto and Due Process Clauses of the federal constitution.[77]

2. The state trial court violated Mr. Adams' rights under the Due Process Clause when it sentenced him to additional prison terms as a repeat violent offender because the Ohio Supreme Court previously severed those portions of the sentencing statute authorizing such penalty

---

[72] *Id.* at 405-418.

[73] *Id*. at 419.

[74] *Id*. at 420.

[75] As noted, Adams' petition for certiorari was denied on March 17, 2008. He filed the petition for habeas relief exactly one year later on March 17, 2009.

[76] ECF # 1.

[77] *Id*. at 5.

-12-

> enhancements based on facts not admitted by the defendant or found by the jury.[78]

The State has filed a return of the writ,[79] and Adams later filed a traverse, in which he withdrew his second ground for relief.[80]

## Analysis

**A.    Preliminary issues**

Preliminary to addressing the claims raised in the petition, I make the following observations:

1.    There is no dispute that Adams is currently in state custody as a result of his conviction and sentence by an Ohio court, and was so incarcerated at the time he filed this petition for federal habeas relief. Thus, I recommend finding that Adams meets the "in custody" requirement of the federal statute vesting this Court with jurisdiction over the petition.[81]

2.    There is also no dispute, as detailed above, that this petition has been timely filed under the applicable statutory standard.[82]

---

[78] *Id.* at 6.

[79] ECF # 5.  I note also that the State filed a supplement to its return of the writ to include new, additional Ohio case authority as relates to the second ground for relief. ECF # 8. The filing was made under Federal Rule of Civil Procedure 15(a)(1)(a) as a first amendment as of right since Adams had not yet responded to the original return of writ.

[80] ECF # 9 at 3.

[81] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[82] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

3. In addition, Adams states, and my own review of the docket in this District confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[83]

4. Moreover, it appears that both claims presented here have been totally exhausted in Ohio courts by full and fair presentment through one full round of Ohio's established appellate review procedure as federal constitutional claims.[84] Also, the State has not claimed, nor is there any indication, that federal review of these claims would be precluded by procedural default.[85]

5. Finally, I note that Adams has neither requested an evidentiary hearing[86] nor the appointment of counsel.[87]

Accordingly, I suggest that nothing hinders this Court from now proceeding to consider the merits of the claims raised in this petition.

**B.  Standard of review**

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute is plain that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[88]

---

[83] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[84] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[85] *See*, 28 U.S.C. § 2254(d); *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009).

[86] 28 U.S.C. § 2254(e)(2).

[87] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[88] 28 U.S.C. § 2254(d).

In applying that statute, a federal habeas court is guided by the well-known teachings of *Williams v. Taylor*.[89] As stated by the United States Supreme Court in *Williams,* a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[90] *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[91]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[92] Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[93]

---

[89] *Williams v. Taylor*, 529 U.S. 362 (2000).

[90] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[91] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[92] *Williams*, 529 U.S. at 411.

[93] *Id*. at 409.

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[94]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[95] Then, the federal court is to review the claim *de novo*.[96]

**C.   Application of standard – Ground one should be denied inasmuch as the decision of the state appeals court in denying this claim was neither contrary to nor an unreasonable application of clearly established federal law.**

As stated by Adams, this ground consists of two related arguments. First, the post-*Foster* sentencing scheme in Ohio could not have been foreseen by Adams at the time he committed the offense and so applying that scheme to him violates the Ex Post Facto protection of the Constitution.[97] Next, he contends that the Ohio Supreme Court's severance of mandatory fact findings from imposition of non-minimum sentences was unconstitutional in that it eliminated any chance for an appeals court to review the sentence for uniformity and consistency within Ohio's sentencing structure.[98] The severance scheme in Ohio, he argues,

---

[94] *Id.* at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[95] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[96] *Id.*

[97] ECF # 9 at 6-8.

[98] *Id*. at 8-10.

is unlike the result in the federal system after *United States v. Booker*,[99] which, Adams maintains, eliminated mandatory sentences while still requiring federal judges to articulate reasons for departing from sentencing guidelines, thus preserving an implied "reasonableness" standard of review for appellate courts.[100]

I note that both of Adams's arguments have been extensively addressed and rejected by numerous federal district courts in Ohio, frequently with detailed opinions explaining their reasoning.

First, as to the contention that the post-*Foster* sentencing structure could not have been foreseen prior to that decision and so constitutes a violation of the Ex Post Facto clause, I note that the Sixth Circuit has definitely rejected a precise application of that claim. In *Hooks v. Sheets*,[101] the court noted that the provisions of the Ex Post Facto clause apply only to acts of the legislature, and so the clause "does not of its own force apply to the Judicial Branch of government."[102]

Notwithstanding that there is no direct Ex Post Facto application here, under the Fourteenth Amendment's Due Process clause the Supreme Court has stated that judicial decision-making must comport with "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of

---

[99] *United States v. Booker*, 543 U.S. 220 (2005).

[100] ECF # 9 at 9.

[101] *Hooks v. Sheets*, 603 F.3d 316 (6th Cir. 2010).

[102] *Id*. at 321 (internal quotation marks and citation omitted).

attaching criminal penalties to what had previously been innocent conduct."[103] To the extent that Adams now asserts that the purported constitutional error here is that he lacked notice or "fair warning" at the time of his offense that he could be subject to post-*Foster* sentencing, I note that this argument has "been thoroughly discussed and universally rejected" by the federal and state courts in Ohio to have considered it.[104]

Simply put, as has been extensively developed in the prior decisions, Adams had notice prior to *Foster* of what the penalties were for his crimes, as well as for being found to be a repeat violent offender. Thus, on the basis of the heavy weight of prior opinion, I recommend finding that this element of ground one be rejected since Adams was not deprived of any due process rights by his re-sentencing.

Next, I further recommend denying that portion of Adams's claim that the severance scheme in *Foster* was unconstitutional and so invalidates his sentence. This argument, too, has been addressed and rejected by federal habeas courts in Ohio.[105] Essentially, as this Court noted in *Schweitzer v. Williams*,[106] nothing in the Supreme Court's decision of *Cunningham v. California*[107] prohibits the Ohio Supreme Court from severing the

---

[103] *Rogers v. Tennessee*, 532 U.S. 451, 459 (2001) (citing *Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964)); *see also*, *Hooks*, 603 F.3d at 321.

[104] *Haverland v. Warden*, 2010 WL 4702312, at *7 (S.D. Ohio Aug. 17, 2010) (collecting 23 cases).

[105] *Id.*, at *9 (collecting cases).

[106] *Schweitzer v. Williams*, 695 F. Supp. 2d 646 (N.D. Ohio 2010).

[107] *Cunningham v. California*, 549 U.S. 270 (2007).

requirement that a judge make findings as to statutory sentencing considerations prior to the imposition of a more than the minimum sentence.[108]

Finally, although mindful of recent Sixth Circuit decisions considering the effect of reliance on judicially-found facts to support non-minimum, maximum sentencing,[109] I note that Adams's claim here does not expressly raise any issue as to whether any constitutional error occurred here as the result of impermissible judicial reliance on facts beyond those expressly found by the jury or of record as to a prior sentence.[110] In addition, because Adams is represented by counsel, I also observe that his claim is not entitled to be read with the special leniency afforded to *pro se* petitions.[111] Accordingly, I do not recommend construing the current claim beyond its own terms to raise issues as to whether any constitutional error occurred due to any particular findings that may have been made by the trial court here during the re-sentencing.

---

[108] *Schweitzer*, 695 F. Supp. 2d at 659.

[109] *See*, *Villagarcia v. Warden*, 599 F.3d 529 (6th Cir. 2010); *see also*, *Anderson v. Wilkinson*, 2010 WL 3724601 (6th Cir. Sept. 14, 2010); *Smith v. Moore*, 2011 WL 338443 (6th Cir. Feb. 4, 2011).

[110] *See*, ECF # 9.

[111] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## Conclusion

Accordingly, for the reasons stated, I recommend denying the petition of Robert Adams for a writ of habeas corpus.

Dated:  March 8, 2011                              s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[112]

---

[112] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).